NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRYL YOUNG, | No. 16-17019 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00663-CMK |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted September 17, 2019**

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Darryl Young (Mr. Young) appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm. The administrative law judge's (ALJ's) allegedly insufficient development of the record is the only issue now raised on appeal.

The ALJ discharged his "duty to fully and fairly develop the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The duty to develop the record is triggered when the evidence is ambiguous or the ALJ finds the record "inadequate to allow for proper evaluation of the evidence." *Id.* "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* When the ALJ here determined he needed more evidence to consider the credibility of Mr. Young's symptom testimony, he instructed Mr. Young to consult with a cardiologist to determine why Mr. Young was taking multiple diuretics, whether Mr. Young's reported frequency of urination was a common effect of the medication, and if anything could be done to reduce the frequency. The ALJ further provided the cardiologist's report to Mr. Young's counsel, invited him to question the cardiologist, and left the record open for Mr. Young to provide additional evidence. The district court correctly found no error.

**AFFIRMED.**